IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FIRST SOLAR, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 1:25-cv-582 (JLH) |
| CANADIAN SOLAR INC., et al., | ) ) ) | |
| Defendants. | ) | |

## SCHEDULING ORDER [PATENT]

This 2nd day of October 2025, ~~the Court having conducted an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(b), and~~ the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen days of the date the Court enters this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI''), which is posted at https://www.ded.uscourts.gov/default-standard-discovery and is incorporated herein by reference. The parties shall make their initial disclosures pursuant to Paragraph 3 of the Default Standard within thirty days of the date the Court enters this Order.

2. Joinder of Other Parties and Amendment of Pleadings. ~~[**First Solar's Proposal**: All motions to amend or supplement the pleadings including joinder of other parties shall be filed on or before August 17, 2026.]~~ [**Canadian Solar's Proposal**: All motions to amend or supplement

*the pleadings including joinder of other parties shall be filed on or before March 31, 2026.*] Such motions must follow the provisions of Paragraphs 8(g) and 9.

       3.      <u>Application to Court for Protective Order.</u>  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

      Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" or "confidential – attorneys' eyes only" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

       4.      <u>Papers and Proceedings Under Seal</u>.  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted

so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. <u>Courtesy Copies.</u>  The parties shall provide to the Court two courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6. <u>ADR Process</u>.  Magistrate Judges will no longer engage in alternative dispute resolution in patent cases. See District of Delaware Standing Order No. 2022-2, dated March 14, 2022.

7. <u>Disclosures</u>. Absent agreement among the parties, and approval of the Court:

a. By October 20, 2025, Plaintiff[1] shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

b. By November 19, 2025, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s).

---

[1] For purposes of this Scheduling Order, Plaintiff and Defendant are defined as set forth in the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), ¶ 4.

   c. By December 19, 2026, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

   d. By January 20, 2026, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

   e. By February 15, 2027, Plaintiff shall provide final infringement contentions.

   f. By March 16, 2027, Defendant shall provide final invalidity contentions.

  8. <u>Discovery</u>.  Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be observed.

   a. <u>Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before April 9, 2027.

   b. <u>Document Production</u>.  Document production shall be substantially complete by November 13, 2026.  ~~**[*Canadian Solar's Proposed Addition*:  The parties agree that general production requests under Federal Rules of Civil Procedure 34 shall not include e-mails.  To obtain e-mails, parties must propound specific e-mail production requests that identify the specific custodian, search terms, and time frame.  The requests shall be limited to 5 custodians per side, and the search terms shall be limited to a total of 8 search terms per custodian.  Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed.  The parties agree that e-mail production requests shall be phased to occur after the parties have exchanged initial disclosures, core technical documents, infringement and invalidity contentions.]**~~

   c. <u>Requests for Admission</u>.  A maximum of 50 requests for admission are permitted for each side, not including requests to authenticate documents.

   d. <u>Interrogatories</u>.

     i. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

     ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

  e. <u>Depositions</u>.

     i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination.

     ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court.

  f. <u>Disclosure of Expert Testimony</u>.

     i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before May 7, 2027. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before June 7, 2027. Reply expert reports from the party with the initial burden of proof are due on or before June 28, 2027. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the

submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert discovery will be completed by August 13, 2027.

    ii. <u>Expert Report Supplementation</u>.  The parties agree that expert declarations may be filed in connection with claim construction briefing.  The parties agree that expert declarations filed with dispositive motions will only be used to authenticate expert reports previously submitted during the expert discovery period and shall not supplement any opinions or analysis in these expert reports.

    iii. <u>Objections to Expert Testimony</u>.

    To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

    g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

    i. The following procedures will apply to discovery matters and protective order disputes unless and until such matters are referred to a Magistrate Judge (who may specify their own procedures). Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

    ii. Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order, the moving party (i.e., the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve

6

[Discovery/Protective Order] Disputes." The suggested text for this motion can be found in Judge Hall's section of the Court's website, in the "Forms" tab.

    iii. The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by court order, generally not less than seventy-two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

    iv. Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one day of e-filing. All courtesy copies shall be double-sided.

    v. Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

  9. <u>Motions to Amend / Motions to Strike</u>.

    a. Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g), above.

b. Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading. Any motion to strike shall attach the document sought to be stricken.

10. <u>Technology Tutorials</u>. Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11. <u>Claim Construction Issue Identification</u>. On July 15, 2026, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and shall exchange their proposed claim construction of those term(s)/phrase(s) on July 29, 2026. This document will not be filed with the Court. Subsequent to exchanging that list and proposed constructions, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed two weeks prior to service of the opening claim construction brief (August 28, 2026). The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is and how it differs from the other party's proposed construction.

12. <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on September 11, 2026. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on October 9, 2026. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on October 23, 2026. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on November 6, 2026. No later than November ~~20~~ 13,

2026, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-Upon Constructions

II. Disputed Constructions

   [TERM 1]

   1. Plaintiff's Opening Position
   2. Defendant's Answering Position
   3. Plaintiff's Reply Position
   4. Defendant's Sur-Reply Position

   [TERM 2]

   1. Plaintiff's Opening Position
   2. Defendant's Answering Position
   3. Plaintiff's Reply Position
   4. Defendant's Sur-Reply Position

For each term in dispute, there should be a table setting forth the term in dispute and the parties' competing constructions. If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is and how it differs from the other party's proposed construction. The parties' briefing must also explain how resolution of the dispute is relevant to an issue in the case. The parties need not include any general summaries of the law relating to claim construction. The parties shall include a joint appendix that contains a copy of the patent(s) at issue, all relevant intrinsic evidence, and any other evidence cited in the parties'

briefing.

No earlier than November 20, 2026, Delaware and Lead counsel (*i.e.,* those attorneys that will be leading trial) for the parties shall meet and confer and file an amended Joint Claim Construction Chart that sets forth all agreed-upon constructions and all terms that remain in dispute. The meet and confer shall focus on an attempt to reach agreement on any remaining disputed terms where possible and to focus the dispute over the remaining terms in light of the Joint Claim Construction Brief. The amended Joint Claim Construction Chart shall be filed with a letter identifying by name each individual who participated in the meet and confer, when and how that meet and confer occurred, and how long it lasted. If no additional agreements on constructions were reached or if no dispute was narrowed, the letter shall so state. The parties shall e-mail a copy of the amended Joint Claim Construction Chart in Microsoft Word format to jlh_civil@ded.uscourts.gov.

13. <u>Hearing on Claim Construction</u>. Beginning at 10 AM on January 19, 2027, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their Joint Claim Construction Brief is filed (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty days after the conclusion of the claim construction hearing.

14. <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court, no later than January 15, 2026, the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

15. <u>Interim Status Report</u>. On December 4, 2026, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16. <u>Case Dispositive Motions</u>.

All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before September 13, 2027. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

      b.    <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may

also include with its opposing papers a separate concise statement, not to exceed four pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

      c.      The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four pages, on a paragraph-by-paragraph basis.

      d.      <u>Page limits combined with *Daubert* motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired, provided, however, that each side will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each side.[2]

      e.      <u>Hearing</u>. The Court will hear argument on all pending case dispositive and *Daubert* motions on November  10 , 2027 beginning at   9:30 AM   . Unless otherwise ordered by the Court, each side will be allocated a total of forty-five minutes to present its argument on all pending motions.

---

[2] The parties must work together to ensure that the Court receives no more than a *total* of 250 pages (*i.e.,* 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

17. <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

18. <u>Amendments to the Scheduling Order</u>. Any stipulation or other request to amend the scheduling order shall include a chart that lists each court-ordered event with a deadline/date (even if it is not being changed), the current deadline/date, and the new proposed deadline/date.

19. <u>IPRs/PGRs</u>. Any party asserting a patent must file a "Notice of IPR/PGR Event" within seven days of any of the following actions taken on that patent: petition for *inter partes* review/post grant review (regardless of whether a party filed the petition), institution decision, final written decision, appeal to the Federal Circuit, Federal Circuit decision. The Notice must list the action taken, the affected claims, the dates of any expected further action by the PTAB, and the status of all other pending IPRs/PGRs.

20. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon. Each *in limine* request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three pages of argument, and the side making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

21. <u>Pretrial Conference</u>. On March ~~30~~ 20, 2028, the Court will hold a pretrial conference in Court with counsel beginning at  3:00 PM  . Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) not later than seven days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The proposed final pretrial order shall contain a table of contents. The parties shall provide the Court two double-sided courtesy copies of the joint proposed final pretrial order and all attachments.

22. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents in Microsoft Word format, which should be submitted by e-mail to jlh_civil@ded.uscourts.gov.

23. <u>Trial</u>. This matter is scheduled for a five[3] day jury trial beginning at 9:30 a.m. on March  27 , 2028, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will

---

[3] Five days (*i.e.,* about ten to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.

be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

24. <u>Judgment on Verdict and Post-Trial Status Report</u>. Within seven days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

25. <u>Post-Trial Motions.</u>

Unless otherwise ordered by the Court, all sides are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

| Item | Deadline | |
|---|---|---|
| Joint Submission of Proposed Scheduling Order | September 15, 2025 | |
| Scheduling Conference | Subject to the Court's Schedule | |
| 26(a)(1) disclosures | Fourteen Days after Entry of this Order | |
| Paragraph 3 Initial Disclosures | Thirty Days after Entry of this Order | |
| Application to Court for Protective Order | Ten Days after Entry of this Order | |
| FS Identifies Accused Products | October 20, 2025 | |
| Defendants Provide Core Technical Documents | November 19, 2025 | |
| Initial Infringement Contentions | December 19, 2026 | |
| Initial Invalidity Contentions | January 20, 2026 | |
| Amendment of the Pleadings & Joinder of Other Parties | *First Solar's Proposal* *August 17, 2026* | *Canadian Solar's Proposal* March 31, 2026 |
| Parties Exchange List of Claim Terms | July 15, 2026 | |
| Parties Exchange Proposed Claim Constructions | July 29, 2026 | |
| Parties File Joint Claim Construction Chart | August 28, 2026 | |
| Opening Claim Construction Brief | September 11, 2026 | |
| Answering Claim Construction Brief | October 9, 2026 | |
| Reply Claim Construction Brief | October 23, 2026 | |
| Sur-reply Claim Construction Brief | November 6, 2026 | |
| Parties File Joint Claim Construction Brief | November 13, 2026 | |
| Earliest to File Amended Claim Construction Chart | November 20, 2026 | |

| Item | Deadline |
|---|---|
| Substantial Completion of Document Production | November 13, 2026 |
| Interim Status Report | December 4, 2026 |
| *Markman* Hearing | January 19, 2027 |
| Supplementation Deadline | January 15, 2027 |
| Final Infringement Contentions | February 15, 2027 |
| Final Invalidity Contentions | March 16, 2027 |
| Close of Fact Discovery | April 9, 2027 |
| Opening Expert Reports | May 7, 2027 |
| Rebuttal Expert Reports | June 7, 2027 |
| Reply Expert Reports | June 28, 2027 |
| Close of Expert Discovery | August 13, 2027 |
| Last Day to File Dispositive Motions or *Daubert* Motions | September 13, 2027 |
| Hearing on Dispositive or *Daubert* Motions | November 10, 2027 |
| Pretrial Conference | March 20, 2028 |
| Trial | March 27, 2028 |